UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOVAN T. MULL, SR.,

    Plaintiff,

v.                                                          Case No. 05-C-363

JEFFREY P. ENDICOTT, Warden,

    Defendant.

**DECISION AND ORDER ON HABEAS PETITION**

**I. PROCEDURAL BACKGROUND**

The petitioner, Jovan T. Mull, Sr. ("Mull"), filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 following his conviction and sentence in the Milwaukee County Circuit Court for three counts of first-degree recklessly endangering safety with a dangerous weapon as a habitual criminal and one count of intimidation of a victim as a habitual criminal. Mull was sentenced to twelve (12) years on each count of recklessly endangering safety, to run consecutively, and five (5) years on the count of intimidation of a victim, to also run consecutively. On April 13, 2001 and November 14, 2001, respectively, the circuit court denied Mull's postconviction motions in which Mull raised multiple claims and in which he sought a new trial.

Mull appealed both his conviction and the circuit court's orders denying his postconviction motions. In a decision dated November 5, 2002, the Wisconsin Court of Appeals affirmed Mull's conviction and the circuit court's orders denying Mull's motions for postconviction relief. Mull's petition for review in the Wisconsin Supreme Court was denied on January 21, 2003, and Mull did

not file a petition for certiorari in the United States Supreme Court. On July 30, 2003, the circuit court denied another postconviction motion filed by the defendant. Mull appealed and on August 26, 2004, the Wisconsin Court of Appeals affirmed the circuit court's decision denying his postconviction motion. Mull's petition for review in the Wisconsin Supreme Court was denied on December 15, 2004. Thereafter, on March 30, 2005, Mull filed his federal habeas petition.

Mull's habeas petition initially raised five claims. However, after being directed by the Honorable Charles N. Clevert, United States District Judge, to whom this action was originally assigned, to address the exhaustion question with regard to his ineffective assistance of appellate counsel claim, Mull stated that he would not proceed on the unexhausted ineffective assistance claim and would only proceed on the remaining four claims. On November 22, 2005, Judge Clevert granted Mull's motion to dismiss the unexhausted claim and issued a briefing schedule on Mull's habeas petition. Subsequently, both of the parties consented to magistrate judge jurisdiction, and on December 5, 2005, the action was transferred to this court. In accordance with the briefing schedule set by Judge Clevert, the parties have filed their respective briefs. Thus, Mull's habeas corpus petition is now fully briefed and is ready for resolution.

## II. FACTUAL BACKGROUND

The following is a summary of the facts underlying Mull's convictions as set forth by the Wisconsin Court of Appeals.

> ¶ 2 Anthony Poindexter reported to police that on November 11, 1999, he and his girlfriend, Jeanette Smith, and their four children, parked their car at a grocery store and Smith went inside for a short time. While Smith was in the store, Poindexter recognized Mull from the neighborhood and exited the car to say hello to him. Eventually, this greeting turned into a confrontation with Mull, Tremaine (Mull's brother), and about seven other men. When Smith returned to the car, she saw Poindexter talking to a man she identified as Mull, and then saw Tremaine and

2

Poindexter begin to wrestle, at which point a gun fell out of Tremaine's pants. Smith yelled for a neighbor to call the police and Tremaine threatened both her and Poindexter.

¶ 3 Poindexter and Smith left with their children, but seeing that the aforementioned crowd was coming around the corner, they decided to take the children to Smith's mother's house. After they dropped the minor children off, they picked up Poindexter's adult son, Derrick Poindexter, and drove back to the house to get a sweatshirt. When Poindexter returned to the car, Smith was driving and Derrick was in the back seat. Derrick told Poindexter that there was someone standing next to their house. Poindexter said that when he looked, he saw Mull step out from behind the house, point a pistol at Poindexter's car, and fire numerous shots into his car. Derrick suffered a gunshot wound as a result of the shots fired at the car.

¶ 4 Poindexter also reported to police that on November 13 and 14, 1999, Mull and other relatives came to Poindexter's house saying that they wanted Poindexter to "squash it," referring to the complaint. During one of these confrontations, Mull apologized for shooting at Poindexter's car, said he was "high" at the time, and offered to pay for the damages. When Poindexter refused to "squash it," Mull said he would "take it up on his own." Poindexter then ordered Mull to leave.

(Answer, Ex. E. at ¶¶ 2-4 (Wisconsin Court of Appeals Decision dated November 5, 2002, *available at* 2002 WL 31455697 ) [hereinafter "Nov. 5, 2002 Decision"].)

### III. STANDARD OF REVIEW

Federal courts may issue a writ of habeas corpus for a person in custody pursuant to the judgment of a state court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Furthermore, federal courts may not grant habeas relief with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable

3

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary to" federal law as determined by the Supreme Court if "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court decision results in an "unreasonable application" of clearly established federal law when the state court either (1) "identifies the correct governing legal rule from [Supreme Court precedent] but unreasonably applies it to the facts of the particular state prisoner's case," or (2) "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id*. at 407; *see also Harris v. Cotton*, 365 F.3d 552, 555 (7th Cir. 2004). Moreover, "[a] rule is 'clearly established' only if it is compelled by existing Supreme Court precedent." *Henry v. Page*, 223 F.3d 477, 480 (7th Cir. 2000).

Issues of fact found by a state court are presumed to be correct unless the petitioner rebuts this presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Williams v. Parke*, 133 F.3d 971, 973 (7th Cir. 1997).

## IV. DISCUSSION

*A. Double Jeopardy*

Mull argues that his three convictions for first-degree recklessly endangering safety were obtained in violation of the Double Jeopardy Clause of the Fifth Amendment. Specifically, Mull asserts that, because he was convicted of three offenses for the single act of discharging a weapon into a car with three people inside of it, he was convicted three times for the same offense. The

4

respondent asserts that the State was required to prove different facts for each conviction, that is, that each of the three individuals were in the car at the time Mull discharged his weapon at the car, and thus, that each individual's safety was endangered by Mull's conduct. Therefore, the respondent argues that Mull's three convictions for recklessly endangering safety were not obtained in violation of the Double Jeopardy Clause. Furthermore, the respondent asserts that Mull has procedurally defaulted his double jeopardy claim by not presenting it in his petition for review to the Wisconsin Supreme Court and therefore, the court should not reach the merits of his double jeopardy claim.

Before a federal court may review the merits of a habeas petition, a petitioner must: (1) exhaust all remedies available in state courts and (2) fairly present any federal claims in state court first, or risk procedural default. *See Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001) ("Failure to exhaust available state court remedies constitutes a procedural default."); *see also Bocian v. Godinez*, 101 F.3d 465, 468 (7th Cir. 1996) (same). "The habeas petitioner must present his federal constitutional claims initially to the state courts in order to give the state 'the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *McGowan v. Miller*, 109 F.3d 1168, 1172 (7th Cir. 1997) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)) (internal quotations omitted). This means that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Although interrelated, courts have discussed exhaustion of state remedies and procedural default as separate issues.

A petitioner has exhausted his state court remedies "by either (a) providing the highest court in the state a fair opportunity to consider the constitutional issue, or (b) having no further available

5

means for pursuing a review of one's conviction in state court." *Wallace v. Duckworth*, 778 F.2d 1215, 1219 (7th Cir. 1985).

The procedural default hurdle forbids the federal courts from addressing claims that were not fairly presented to the state court. *Jones v. Washington*, 15 F.3d 671, 675 (7th Cir. 1994). Procedural default occurs either when a state court has declined to address a federal claim because the petitioner failed to satisfy an independent state procedural requirement, *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991), or when the petitioner fails to present a claim to the state courts at the time, and in the way, required by the state. *Hogan v. McBride*, 74 F.3d 144, 146 (7th Cir. 1996).

Under the doctrine of procedural default, a federal habeas court will not review defaulted claims unless the petitioner demonstrates either (1) cause for the procedural default and actual prejudice resulting from the alleged violation of federal law, or (2) that failure to consider the claims would result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 749-50 (quoting *Murray v. Carrier*, 477 U.S. 478, 495 (1986)). The petitioner bears the burden of establishing that his procedural default is excused by one of these two exceptions. *See McCleskey v. Zant*, 499 U.S. 467, 494-95 (1991).

To satisfy the cause and prejudice standard, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488. The petitioner must also show that the errors of which he complains "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)) (emphasis in original). To demonstrate that a fundamental miscarriage of justice would result from a refusal to consider the defaulted claims, the petitioner is required to show that he is "'actually

6

innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quoting *Murray*, 477 U.S. at 496). "This standard requires a petitioner to show that it is more likely than not that no reasonable juror would have convicted him." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999).

In his brief to the Wisconsin Court of Appeals, Mull analogized his case to *State v. Lechner*, 217 Wis.2d 392, 401, 576 N.E.2d 912 917 (1998), and argued that his constitutional right against double jeopardy was violated because he was convicted three times for one continuous act. (Answer, Ex. B at 9-12). Specifically, Mull argued that there was "not a sufficient break in [his] conduct to consider it three separate acts." (Answer, Ex. B. at 12.) The court of appeals addressed Mull's double jeopardy claim, albeit in the context of its discussion of multiplicity. The court rejected his argument.

> ¶ 9 Charges are sufficiently different in nature to survive multiplicity challenges if each charge requires proof of a fact that is not necessary for conviction of another count, or if each requires a new exercise of volition in a continuing course of conduct. *See id.* at ¶ 28. In the instant case, to convict Mull of three offenses, the State had to prove that Mull endangered the lives of each of the three individuals, that he did so by engaging in reckless conduct, and that the circumstances of the acts associated with each victim established he acted with utter disregard for life. *See* WIS JI--CRIMINAL 1347. If the State had not proved that Derrick Poindexter was in the vehicle when the shots were fired, the State might not have been able to prove that Derrick's life was endangered. Similarly if the facts established that Mull walked up to the vehicle and ordered one of the victims outside before shooting the victim point-blank, the State probably would not have been able to prove that Mull endangered the lives of the other two, nor could the State have demonstrated that he showed utter disregard for the lives of the two remaining passengers. Thus, the State had to prove a different fact for each of the three charges--that each of the three individuals was in the car when Mull fired at it. Accordingly, the three counts are different in fact. Because Mull's conduct endangered three victims, three charges and multiple punishments were constitutionally sound.

(Nov. 5, 2002 Decision at ¶ 9.)

However, Mull (more precisely, his appellate counsel) did not raise his double jeopardy claim in his petition for review to the Wisconsin Supreme Court. (Answer, Ex. F.) Thus, Mull has procedurally defaulted his double jeopardy claim and this court will not address the merits of this claim. As previously stated, federal habeas relief is available only after the prisoner has afforded the state courts a full and fair opportunity to act on his claims. *O'Sullivan*, 526 U.S. at 842. Furthermore, exhaustion of state court remedies requires a state prisoner to pursue state court relief all the way through to the filing of a petition for discretionary review with the state supreme court (provided that that type of review is part of the ordinary appellate procedure in the state, as it is in Wisconsin). *Thomas v. McCaughtry*, 201 F.3d 995, 999 (7th Cir. 2000). Thus, because Mull did not present his double jeopardy claim to the Wisconsin Supreme Court in his petition for review and is barred from raising such a claim in that court now, he has procedurally defaulted his double jeopardy claim.

Indeed, procedural default for federal habeas corpus purposes occurs when the petitioner fails to present a claim to the state courts at the time, and in the way, required by the state. *Hogan*, 74 F.3d at 146. Given that Mull failed to include his double jeopardy claim in his petition for review and a state procedural rule precludes his now doing so, it follows that his double jeopardy claim has been procedurally defaulted, that is, unless Mull demonstrates either (1) cause for the procedural default and actual prejudice resulting from the alleged violation of federal law, or (2) that failure to consider the claims would result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 749-50. However, Mull has made no effort to satisfy either of the above exceptions to the procedural default doctrine. Consequently, this court finds that Mull has procedurally defaulted his claim that his constitutional right against double jeopardy was violated.

*B. Confrontation Clause*

Mull's next argument is that the trial court's decision to allow the victim's ("Poindexter") preliminary hearing testimony to be read at trial violated his constitutional right to confront the witnesses against him. Specifically, Mull argues that he was not provided a meaningful opportunity to cross-examine Poindexter at the preliminary hearing and thus, the evidence was admitted in violation of the Confrontation Clause. (Brief in Support for Writ of Habeas Corpus Under 28 U.S.C. § 2254, at 20 [hereinafter "Pet'r's Br."].) Mull also argues that Poindexter's preliminary hearing testimony was not sufficiently reliable because it conflicted with statements Poindexter made to the police. (Pet'r's Br. at 20.) The respondent argues that Mull's counsel was more than adequately allowed to cross-examine Poindexter during the preliminary hearing, and that Poindexter's testimony was sufficiently reliable because he was under oath. (Brief in Opposition to Petition for a Writ of Habeas Corpus, at 15 [hereinafter "Resp.'s Br."].) Furthermore, the respondent asserts that, whatever the merits of Mull's *Crawford v. Washington*, 541 U.S. 36 (2004) argument, *Crawford* does not control this case. Rather, the respondent asserts that *Ohio v. Roberts*, 448 U.S. 56 (1980), governs Mull's confrontation claim.

The Sixth Amendment to the United States Constitution guarantees the right of an accused in a criminal prosecution to be confronted by the witnesses against him. The purpose of the Confrontation Clause is to "secure for the opponent the opportunity of cross-examination." *Dunlap v. Hepp*, 436 F.3d 739, 741 (7th Cir. 2006) (quoting *Davis v. Alaska*, 415 U.S. 308, 315-16 (1974)). However, the constitutional right to confront one's accuser is not absolute. Indeed, in *Roberts*, while the Supreme Court noted the Framers' preference for face-to-face accusation, the Court carved an

9

exception to allow the introduction at trial of statements from witnesses who were unavailable to testify at trial. 448 U.S. at 65-66. The Supreme Court held that if a hearsay declarant is found to be unavailable at trial, his statement still can be admissible if: (1) it bears adequate "indicia of reliability" by falling within a firmly rooted hearsay exception; or (2) it contains "particularized guarantees of trustworthiness." *Id.* at 66. In 2004, however, *Crawford* partially overruled *Roberts*. In *Crawford*, the Supreme Court held that the Confrontation Clause required that testimonial statements from witnesses absent from trial should be admitted only when the declarant is unavailable and the defendant had a prior opportunity to cross-examine. 541 U.S. at 67. Specifically, the Supreme Court held that "[w]here testimonial evidence is at issue . . . the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination. *Id.*

Mull argues that this court should apply *Crawford* to his Confrontation Clause claim. However, when determining which "clearly established Federal law" governs a habeas petitioner's claim, the federal courts must look to the case law in effect at the time the defendant's conviction became final. *Bintz v. Bertrand*, 403 F.3d 859, 865 (7th Cir. 2005); *Williams*, 529 U.S. at 390. Furthermore, the Seventh Circuit has held that the new rule established in *Crawford* does not apply retroactively because it does not fit into either of the *Teague v. Lane*, 489 U.S. 288, 301 (1989) exceptions. *Bintz*, 403 F.3d at 865. This is because the *Crawford* rule does not place a class of private conduct beyond the power of the State to proscribe, nor is it a "watershed rule" that implicates fundamental fairness and the accuracy of the criminal proceedings. *Id.* Thus, because *Roberts* was the controlling Supreme Court precedent when Mull's conviction became final, it follows that this court must analyze Mull's Confrontation Clause claim under *Roberts*.

10

The Wisconsin Court of Appeals identified the correct constitutional standard to apply when assessing Mull's confrontation claim.

> ¶ 10 Mull next contends that the circuit court erroneously exercised its discretion when it allowed the victim's preliminary hearing testimony to be introduced at Mull's trial in violation of the hearsay prohibition and in violation of Mull's confrontation rights and thus, Mull is entitled to a new trial. We disagree.
>
> ¶ 11 Generally, "[t]he admissibility of former testimony is discretionary with the trial court," subject to review for an erroneous exercise of discretion. *State v. Drusch*, 139 Wis.2d 312, 317-18, 407 N.W.2d 328 (Ct.App.1987). However, if the focus of the trial court's ruling is on the constitutional right of the defendant to confront the unavailable witness, the issue is more properly characterized as one of constitutional fact, subject to independent review. *Cf. State v. Stutesman*, 221 Wis.2d 178, 182, 585 N.W.2d 181 (Ct.App.1998).
>
> ¶ 12 The Wisconsin Supreme Court has summarized the standard to be applied for determining the admissibility of hearsay evidence against a criminal defendant in accord with the constitutional right of confrontation. *State v. Bauer*, 109 Wis.2d 204, 215, 325 N.W.2d 857 (1982). In order to satisfy the confrontation right, the witness must be unavailable and the evidence must bear some indicia of reliability. *Id.* However, the trial court must still determine whether there were unusual circumstances, which may justify excluding the evidence. *Id.*

(Nov. 5, 2002 Decision at ¶¶ 10-12.)

Although the court of appeals did not cite directly to *Roberts*, the court did cite to *State v. Bauer*, 109 Wis. 2d 204, 325 N.W.2d 857 (1982), which incorporates *Roberts*:

> "[R]eliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception." *Ohio v. Roberts*, 448 U.S. at 66, 100 S.Ct. at 2539. This inference of reliability is derived from the fact that "certain hearsay exceptions rest upon such solid foundations that admission of virtually any evidence within them comports with the 'substance of the constitutional protection.'" While this inference of reliability is strong, evidence falling within a firmly rooted hearsay exception is not admissible per se. The trial court must still examine each case to determine whether there are unusual circumstances which may warrant exclusion of the evidence. If no such unusual circumstance exists, the evidence may properly be admitted. "Where unusual circumstances are apparent, the court may have reason to inquire into whether a meaningful confrontation was indeed afforded a defendant."

*State v. Bauer*, 109 Wis. 2d at 213-14, 325 N.W.2d at 862 (citations omitted).

Thus, the court of appeals correctly identified the Supreme Court precedent ("clearly established Federal law, as determined by the Supreme Court of the United States") that was to govern its consideration of Mull's confrontation claim. This court, then, must determine whether the court of appeals' application of the *Roberts* standard was unreasonable. That is to say, in order for habeas relief to be granted, the court of appeals' decision must be "more than incorrect or erroneous," it must be "objectively unreasonable." *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003).

In rejecting Mull's confrontation argument, the court of appeals reasoned that because Poindexter's preliminary testimony was reliable and Poindexter was obviously unavailable, the testimony was admissible under *Roberts*. Specifically, the court reasoned that because Poindexter was under oath and was subject to cross-examination during the preliminary hearing, his preliminary hearing testimony was reliable:

> . . . It is clear that the evidence was reliable and Mull concedes that Poindexter was not available; therefore, the only question left is whether there were unusual circumstances warranting exclusion of the testimony. This court will concern itself only with the question of whether Mull had "the opportunity for effective cross-examination." *See State v. Tomlinson*, 2001 WI App 212, ¶ 31, 247 Wis.2d 682, 635 N.W.2d 201 (citation omitted). As this court stated in *Tomlinson*, "Except in extraordinary cases, no inquiry into the effectiveness of the cross-examination is required." *Id.* (citation omitted).
>
> ¶ 13 At the preliminary hearings, Mull was able to fully cross-examine Poindexter with the exception of one objection from the State that was sustained on grounds of relevance. Poindexter had already made an identification of Mull in the courtroom and therefore an inquiry into what clothes the shooter was wearing on the night of the shooting was irrelevant. Mull argues that the magistrate's ruling on relevancy was in error and implies that the error created an unusual circumstance, which transformed this case into an "extraordinary case" in which inquiry into effectiveness of cross-examination is warranted. *Id.*

> ¶ 14 Based on the foregoing, we reject Mull's claim. The trial court did not erroneously exercise its discretion in [not] excluding the evidence. All the criteria for admission were present. The testimony was reliable, the witness was unavailable and Mull had the opportunity to cross-examine the witness. Therefore, the testimony was properly admitted.

(Nov. 5, 2002 Decision at ¶¶ 12-14.)

This determination was not an unreasonable application of *Roberts*. Indeed, in *Roberts*, the Court reaffirmed its holding in *California v. Green*, 399 U.S. 149 (1970), and held that because "there was an adequate opportunity to cross-examine [the witness at the preliminary hearing], and counsel . . . availed himself of that opportunity, the transcript . . . bore sufficient 'indicia of reliability' and afforded the trier of fact a satisfactory basis for evaluating the truth of the [preliminary hearing testimony]." *Roberts*, 448 U.S. at 73 (internal quotations omitted). Similarly, in this case, Poindexter testified under oath at the preliminary hearing, Mull's counsel (the same counsel who represented him at trial) was provided an adequate opportunity to cross-examine Poindexter, and Mull's counsel availed himself of that opportunity.

Furthermore, the court of appeals' determination, that this case was not an "extraordinary case" in which inquiry into the effectiveness of cross-examination was necessary, was not an unreasonable application of *Roberts*. Mull argues that the court commissioner's ruling on a relevancy objection was in error and that this error transformed his case into an "extraordinary case" in which inquiry into the effectiveness of his counsel's cross-examination was warranted. (Pet'r's Reply Br. at 4.) Specifically, Mull argues that because the court commissioner sustained the prosecutor's objection to his counsel's questions regarding the shooter's clothing, he was denied a meaningful opportunity to cross-examine Poindexter to determine if Poindexter accurately perceived

13

the shooting.[1]  (Pet'r's Reply Br. at 4.)  Yet, regardless of whether the court commissioner's ruling on the relevancy objection was erroneous, it is clear that Mull's "cross-examination was [not] so limited as to deny the trier of fact a satisfactory basis for evaluating the truth of [Poindexter's preliminary hearing testimony]."  *Owens v. Frank*, 394 F.3d 490, 503 (7th Cir. 2005) (internal quotations omitted).  This is because Poindexter appeared in open court, under oath, in front of Mull, and Mull's counsel was able to cross-examine Poindexter about his ability to observe the events on the night of the shooting, his ability to observe the firearm used in the shooting, and the number of shots fired.  (Answer, Ex. D. at 14-15.)

To reiterate, a federal habeas court "may not grant relief under the 'unreasonable application' prong unless the state court's application of Supreme Court precedent 'l[ies] well outside the boundaries of permissible differences of opinion.'"  *Burt v. Uchtman*, 422 F.3d 557, 564 (7th Cir. 2005).  The bottom line is that I cannot conclude that the court of appeals' decision was an unreasonable application of *Roberts*, the clearly established federal law as determined by the United States Supreme Court "at the time [Mull's] state court conviction became final." *Williams*, 529 U.S. at 380. Accordingly, Mull is not entitled to habeas relief on his claim that the introduction of Poindexter's preliminary hearing testimony violated his right to confront the witnesses against him.

---

[1] At the preliminary hearing, Mull's counsel asked Poindexter the following on cross-examination:
   Q:   Can - - Can you describe what the shooter was - - was wearing?

   [ASSISTANT DISTRICT ATTORNEY]:
   Objection.  That's irrelevant.  There's been an in-court identification.

   [THE COURT]: Sustained.  That means you don't have to answer that.

(Answer, Ex. B. at 16.)

14

*C. Sufficiency of the Evidence*

Mull's next argument is that there was insufficient evidence to find him guilty of intimidating a victim. Specifically, Mull argues that the state failed to introduce sufficient evidence to show that Mull knowingly and maliciously attempted to intimidate Poindexter with an implied threat of force. (Pet'r's Br. at 21.) The respondent asserts that the jury in this case was instructed that in order for Mull to knowingly and maliciously intimidate a victim, he must have acted with an intent to interfere with the orderly administration of justice. (Resp.'s Br. at 19) (citing Wis. JI-Criminal 1296). Thus, the respondent argues that a reasonable jury could have concluded, as the jury in this case did in this case, that Mull acted with this intent when he told Poindexter that he would "take it up on his own" after asking Poindexter to drop the charges against him. Furthermore, the respondent asserts that Mull has procedurally defaulted his sufficiency of the evidence claim by not presenting it in his petition for review to the Wisconsin Supreme Court and, therefore, the court should not reach the merits of this claim.

In his brief to the Wisconsin Court of Appeals, Mull argued that there was insufficient evidence to prove beyond a reasonable doubt that his attempt to dissuade Poindexter from pursuing the charges was done with an implied threat of force and that his actions were done knowingly and maliciously. (Answer, Ex. B at 20.) Specifically, Mull noted that the court commissioner classified Mull as a "respectful intimidator," and argued that one can not be respectful and malicious at the same time. (Answer, Ex. B. at 22.) While the court of appeals addressed Mull's sufficiency of the evidence claim, the court ultimately rejected his argument.

> ¶ 16 The standard for reviewing claims of insufficient evidence has been set out by the Wisconsin Supreme Court as affirming a decision unless the conviction is "so insufficient in probative value and force that it can be said as a matter of law that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt." *State v. Poellinger*, 153 Wis.2d 493, 501, 451 N.W.2d 752 (1990). Great deference is given to the judgment of the finder of fact such that if a possibility exists that the trier of fact could have drawn the appropriate inferences to find guilt, we will not overturn even if we believe the trier should not have found the defendant guilty. *Id.* at 507, 451 N.W.2d 752.
>
> ¶ 17 Based on the testimony of Poindexter and the standard above, a jury, acting reasonably, could have found Mull's threat to "take it up on his own" to infer that Mull was intimidating Poindexter with a threat of force and therefore the evidence was sufficient to support a conviction for intimidation of a victim with threat of force or violence.

(Nov. 5, 2002 Decision at ¶¶ 16-17.)

As previously noted, Mull (more precisely, his appellate counsel) did not raise his insufficiency of the evidence claim in his petition for review to the Wisconsin Supreme Court. (Answer, Ex. F.) Thus, Mull has procedurally defaulted his sufficiency of the evidence claim and this court will not address the merits of this claim. To reiterate, federal habeas relief is available only after the prisoner has afforded the state courts a full and fair opportunity to act on his claims. *O'Sullivan*, 526 U.S. at 842. And, the exhaustion of state court remedies requires a state prisoner to pursue state court relief all the way through to the filing of a petition for discretionary review with the state supreme court (provided that that type of review is part of the ordinary appellate procedure in the state, as it is in Wisconsin). *Thomas*, 201 F.3d at 999.

Thus, given that Mull failed to include his sufficiency of the evidence claim in his petition for review and a state procedural rule precludes his now doing so, it follows that his sufficiency of the evidence claim has been procedurally defaulted, that is, unless Mull demonstrates either (1) cause for the procedural default and actual prejudice resulting from the alleged violation of federal law, or

(2) that failure to consider the claims would result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 749-50. However, Mull has made no effort to satisfy either of the above exceptions to the procedural default doctrine. Consequently, this court finds that Mull has procedurally defaulted his sufficiency of the evidence claim.

*D. Joinder*

Mull's final argument is that he was denied his constitutional right to a fair trial because the trial court denied his motion to sever the reckless endangerment charges from the intimidation of a victim charge. Mull argues that because Poindexter's preliminary hearing testimony regarding Mull's alleged apology for the shooting was read to the jury in his reckless endangerment case he was denied a fair trial by an impartial jury. (Pet'r's Br. at 22.) The respondent asserts that Mull can not show that the joinder of the reckless endangerment charges with the intimidation of a victim charge was so prejudicial as to deny him a fair trial. (Resp.'s Br. at 20.)

Under Wisconsin law, two or more charges may be tried together if the crimes could have been joined in a single complaint. Wis. Stat. § 971.12(4). The decision whether joinder is appropriate is left to the sound discretion of the trial court, and absent an abuse of discretion, an appellate court will not disturb the trial court's decision. *State v. Jennaro*, 76 Wis.2d 499, 505, 251 N.W.2d 800, 803 (1977). However, because Mull is seeking federal habeas relief, Mull must do more than show that the trial court abused its discretion when it denied Mull's motion to sever. To establish that an improper joinder of two charges constitutes a federal constitutional violation, Mull must establish that the prejudice was so great as to deny him a fair trial. *Biskup v. McCaughtry*, 20 F.3d 245, 249 (7th Cir. 1994). As the Seventh Circuit has stated, "[j]oinder violates the residual fair-trial obligation of the due process clause only if it produces such overwhelming prejudice that

17

a jury could not distinguish guilt from innocence." *Moore v. Parke*, 132 F.3d 36 (7th Cir. 1997) (unpublished decision).

The Wisconsin Court of Appeals held that the trial court's joinder of the reckless endangerment charges and the intimidation of a victim charge was proper.

> ¶ 9 Wisconsin Stat. § 971.12(4) permits the joint trial of related charges that could have been brought together in a single complaint. The trial court should weigh any potential prejudice against the defendant against the public interest in consolidation. *See State v. Huff*, 123 Wis.2d 397, 409, 367 N.W.2d 226 (Ct. App.1985).
>
> ¶ 10 Mull claims that he was prejudiced by the joinder because the testimony about his statements to Poindexter and his girlfriend after the incident were admissible only with respect to the victim intimidation charge. He provides no legal authority that supports that contention, however, and we are satisfied that the trial court properly determined the evidence would have been admissible at both trials. Therefore, the cases were properly joined.

(Answer, Ex. L. at ¶¶ 9-10 (Wisconsin Court of Appeals Decision dated August 26, 2004, *available at* 2004 WL 1900442 ) [hereinafter "Aug. 26, 2004 Decision"].)

This court agrees that the joinder was proper. As previously stated, pursuant to Wis. Stat. § 971.12(4), two or more charges may be tried together if the crimes could have been joined in a single complaint. Crimes may be charged in the same complaint if they are related. Wis. Stat. § 971.12(1). Furthermore, when determining whether to join two charges, the court must determine what, if any, prejudice the defendant would suffer if the two charges were tried together and weigh that potential prejudice against the public interest in consolidating trials. However, as the trial court stated, "[n]o potential prejudice results from joinder if the evidence of each crime would have been admissible as other crimes evidence in separate trials." (Answer, Ex. J. at 4) (citing *State v. Bettinger*, 100 Wis. 2d 691, 697 (1981)). In this case, even if the state had not charged Mull with intimidation of a victim, the court still could have admitted into evidence at Mull's trial on the reckless endangerment

18

charges Poindexter's statements regarding Mull's alleged apology for the shootings. As the Seventh Circuit has stated, in this type of a situation, "it is impossible to believe that the joinder of charges prejudiced [the defendant] and deprived him of a fair trial." *Harmon v. McVicar*, 95 F.3d 620, 623 (7th Cir. 1996). Accordingly, the joinder of the trial was proper. And, even if the joinder was improper, this court finds that any prejudice suffered by Mull was not so great as to deny him a fair trial. *Biskup*, 20 F.3d at 249. Mull is therefore not entitled to habeas relief based on the trial court's joinder of the reckless endangerment charges and the intimidation of a victim charge.

## V. CONCLUSION AND ORDER

For all of the aforementioned reasons, Mull has not demonstrated that he is entitled to habeas relief on any of the asserted grounds. Thus, Mull's petition for a writ of habeas corpus will be denied and this action will be dismissed.

**NOW THEREFORE IT IS ORDERED** that the petitioner's petition for writ of habeas corpus be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**;

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

**SO ORDERED** this 14th day of April 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge