UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOVAN T. MULL SR.,

    Plaintiff,

    v.                                          Case No. 05-C-0363

JEFFREY P. ENDICOTT, Warden,

    Defendant.

**DECISION AND ORDER DENYING PETITIONER'S RULE 59(E) MOTION TO ALTER OR AMEND JUDGMENT**

On April 14, 2006, this court issued a decision and order denying Jovan T. Mull's ("Mull") petition for a writ of habeas corpus and dismissing this action. Judgment was thereafter entered accordingly. On April 24, 2006, pursuant to Fed. R. Civ. P. 59(e), Mull filed a motion to alter or amend the judgment.

It is well settled that a Rule 59(e) motion is not intended to allow the parties to relitigate old issues, to advance new theories, or to rehear the merits of a case. *See Diebitz v. Arreola*, 834 F. Supp. 298, 302 (E.D. Wis. 1993). Rather, recognized grounds for such motions include a "manifest error of fact or law" by the trial court, "newly discovered evidence," or "a change in law." *Id.* (citing *Renfro v. City of Emporia, Kansas*, 732 F. Supp. 1116, 1117 (D. Kan 1990)). Furthermore, the decision whether to grant such motions is left to the sound discretion of the trial court. *Diebitz*, 834 F. Supp. at 302 (citing *Leigh v. Engle*, 723 F. Supp. 1272, 1273 (N.D. Ill. 1989)).

I recognize that Mull is disappointed with this court's decision of April 14, 2006. However, after giving due consideration to Mull's arguments and after reviewing my April 14, 2006 decision and order, I find that there is no basis to alter my April 14, 2006 decision. As noted in that decision, in order for habeas relief to be granted, the court of appeals' decision must be "more than incorrect or erroneous," it must be "objectively unreasonable." *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003).

And, I still cannot say that the court of appeals' decision, that the victim's preliminary hearing testimony was properly admitted at trial and, consequently, did not violate Mull's constitutional right to confront the witnesses against him, was an objectively unreasonable application of *Ohio v. Roberts*, 448 U.S. 56 (1980). Furthermore, I still cannot say that the court of appeals' decision that, although Mull's attorney did not have an opportunity to cross-examine the victim regarding the clothes Mull was wearing the night of the alleged shooting, this case was not an "extraordinary" case in which inquiry into the effectiveness of cross-examination is required, was an objectively unreasonable application of *Roberts*. Finally, it remains my opinion that Mull is not entitled to habeas relief based upon the trial court's joinder of the reckless endangerment charges and the intimidation of a victim charge. Consequently, Mull's Rule 59(e) motion to alter or amend the judgment will be denied.

**NOW THEREFORE IT IS ORDERED** that Mull's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) be and hereby is **DENIED**.

**SO ORDERED** this 28th day of April 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

3